## IN THE COURT OF APPEALS OF IOWA

No. 13-0967
Filed October 1, 2014

**EDWARD A. GRAYSON,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.

_____

     Appeal from the Iowa District Court for Johnson County, Marsha A. Bergan, Judge.


     Edward Grayson appeals the denial of his second application for postconviction relief.  **AFFIRMED.**


     Mark C. Meyer, Cedar Rapids, for appellant.

     Edward Andre Grayson, Anamosa, appellant pro se.

     Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Janet M. Lyness, County Attorney, and Meredith Rich-Chappell, Assistant County Attorney, for appellee.


     Considered by Danilson, C.J., and Vogel and Bower, JJ.

**PER CURIAM**

Edward Grayson appeals from a district court order denying his second application for postconviction relief (PCR).[1] He claims, for the first time, the trial information was defective and his conviction and sentence of life imprisonment should be set aside. We affirm on appeal by memorandum opinion pursuant to Iowa Court Rule 21.26(1).

In 1997, Grayson was sentenced to life in prison after a jury convicted him of kidnapping in the first-degree.[2] In 1998, our supreme court dismissed Grayson's direct appeal as frivolous. In 1999, Grayson filed his first PCR. He proceeded pro se after requesting the withdrawal of both his appointed and standby counsel. After an evidentiary hearing, the court denied his application. We affirmed the court's denial of Grayson's PCR. *See Grayson v. State*, No. 02-1072, 2005 WL 1962464 (Iowa Ct. App. Aug. 17, 2005).

On March 14, 2011, Grayson filled this second pro se application for PCR alleging prosecutorial misconduct and ineffective assistance of counsel. The State resisted the application pursuant to Iowa Code sections 822.3 (three-year statute of limitations period for filing a PCR) and section 822.8 (all grounds for relief must be raised in the original application for PCR). Grayson argued the trial information did not sufficiently inform him of which crime he allegedly

---

[1] This ruling only addresses the denial of Grayson's second postconviction relief hearing. All of Grayson's pro se motions subsequently filed with this court after the notice of appeal have not been considered in this ruling, as doing so would be improper.

[2] The trial information stated, in part: "The Defendant drove two young women into rural Johnson County from Cedar Rapids against their will and sexually assaulted one of the women at gunpoint after hitting the other, in violation of sections 710.1(3) and 710.2 of the Code of Iowa."

committed against the second woman named in the trial information. He agreed to the dismissal of two other pending PCR actions.

The court denied Grayson's application for PCR and concluded the application was barred under Iowa Code sections 822.3 and 822.8. The court also concluded the application failed on the merits. Grayson timely filed an appeal.

We agree with the district court's ruling. Grayson's application for PCR is time barred pursuant to section 822.3. Grayson filed this application in 2011, which is well beyond the three-year statute of limitations. We agree Grayson has not established his application was based on a ground of fact or law that could not have been raised within the applicable time period. Additionally, Grayson's claim fails under section 822.8. Grayson did not raise the issue in this action in his original application for PCR. There is no reason he could not have asserted this issue in his original application. Finally, we agree with the court concerning the merits of Grayson's application for PCR. The trial information and the minutes of testimony provided sufficient notice to Grayson of the charges against him.

**AFFIRMED.**